UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLEY D. DUNNETT,

    Plaintiff,

v.                                                               Case. No. 12-10930
                                                                 Hon. Lawrence P. Zatkoff
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 29, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff filed this action seeking Social Security disability benefits. This matter currently comes before the Court on the Magistrate Judge's Report and Recommendation [dkt 18], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 12] be denied and Defendant's Motion for Summary Judgment [dkt 17] be granted. Plaintiff has filed objections to the Magistrate's Report and Recommendation [dkt 21]. The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, and Plaintiff's objections. For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED. The Court will, however, briefly address Plaintiff's objections.

## II. ANALYSIS

Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation. The Court notes at the outset that Plaintiff's Objections are largely based on claims that there is evidence to conflict the ALJ's relied-upon evidence, or that substantial evidence exists to support a finding in Plaintiff's favor on a particular issue. Even if true, however, these claims are not dispositive if "it is also true that substantial evidence supports [Defendant's] finding." *Casey v. Sec'y of Health & Human Svc's*, 987 F.2d 1230, 1235 (6th Cir. 1993). Thus, to the extent that substantial evidence supports the ALJ's findings, Plaintiff's claims must fail.

### A. First Objection

Plaintiff's first objection is that the Magistrate Judge failed to find error on the part of the ALJ relative to the ALJ's finding that a Listed Impairment was not either met or equaled. Plaintiff argues that the ALJ's explanation of this finding was only one paragraph and, as such, was insufficient to support the ALJ's finding. Given this, according to Plaintiff, the ALJ did not perform an analysis of the Listed Impairment as required by statute, resulting in legal error that was not harmless and that prejudiced Plaintiff. Yet, as even Plaintiff acknowledges, the Magistrate Judge "proceeded to 'post hoc' evaluate the evidence himself and provide rationale that the ALJ should have provided." Indeed, the Magistrate Judge's Report and Recommendation contains a thorough discussion of the medical findings, establishing that the ALJ's decision was supported by substantial evidence. Any error by the ALJ was rendered harmless in light of the Magistrate Judge's review.

### B. Second Objection

Plaintiff's second objection is that the Magistrate Judge failed to find error on the part of the ALJ for relying on the opinion of a Single Decision Maker ("SDM") regarding the status of

Plaintiff's medical condition.

The single decision-maker model is "an experimental program offered by the Social Security Administration," designed to streamline the review of claims. *Dorrough v. Comm'r of Soc. Sec.*, No. 11–12447, 2012 WL 4513621, at*1 (E.D.Mich. Oct. 2, 2012). Under the model, a "single decision-maker" ("SDM") assumes primary responsibility for processing a claimant's application for disability, including making the claimant's initial disability determination. *See* 20 C.F.R. § 404.906(a). The process is streamlined because a claimant who disagrees with the SDM's determination may skip the reconsideration level of the administrative review process, and immediately request a hearing before an ALJ. 20 C.F.R. § 404.906(b)(4).

Once the claimant's application reaches the ALJ, however, the SDM's assessment is no longer relevant to the determination of disability. Social security regulations provide that an ALJ may consider evidence from "acceptable medical sources" to establish the existence of a medically determinable impairment, and may also consider opinions from certain "other sources" to assess "the severity of the individual's impairment(s) and how it affects the individual's ability to function." SSR 06–03p; 20 C.F.R. § 404.1513.  SDMs, as laypersons, are not qualified to provide medical evidence regarding a claimant's impairment.  *See* 20 C.F.R. § 404.1513(a)-(c); 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources.").  And, agency policy provides that an SDM is also not an acceptable non-medical source. *See Maynard v. Astrue*, 11–12221, 2012 WL 5471150 (E.D.Mich. Nov.9, 2012) ("[A]gency policy is that [SDM assessments] are also not the opinions of non-medical sources as described in SSR 06–[0]3p.") (quoting Acting Chief Law Judge Memorandum No. 10–1691 (Sept. 14, 2010)); *see also* 1 Soc. Sec. Disab. Claims Prac. & Proc. § 15:45 (2nd Ed.) ("[A]gency policy

3

clearly states that any findings made by an SDM are not opinion evidence as they do not come from medical sources and they are not opinions of non-physician sources as described in SSR 06–3p.").

Here, however, the ALJ did not rely on the opinion of the SDM. Rather, at step three, the ALJ stated that she "evaluated [Plaintiff's] impairments under listings 4.01 for cardiovascular diseases and 14.02 for [SLE,] and [*the*] *medical evidentiary record* does not meet the criteria for disability under these impairments or any other impairments listed in Appendix 1." Further, in determining Plaintiff's RFC, the ALJ stated that "*the medical evidence* supports the State Agency conclusion that [Plaintiff's lupus] is generally stable"—again indicating that the ALJ did not rely on a medical consultant. Accordingly, this objection is not well-taken.

### C. Third Objection

Plaintiff's third objection is that the Magistrate Judge failed to find error with the ALJ's decision to give "minimal weight" to Plaintiff's treating rheumatologist, Dr. Dagher, and to reject Dr. Dagher's opinion concerning Plaintiff's residual functional capacity.

As noted by the Magistrate Judge, the ALJ supported her decision for not affording Dr. Dagher's opinion controlling weight—she determined that Dr. Dagher's opinion was inconsistent with the other substantial evidence in the case record:

> As for the opinion evidence, the undersigned gives minimal weight to the medical source statement by [Dr. Dagher]. Dr. Dagher completed a report indicating that [Plaintiff] could carry up to 20 pounds, but would have difficulty standing, walking or sitting in any combination for an entire [eight]-hour workday. Generally, the opinions of treating sources are afforded persuasive weight when they are supported by the record. However, *the undersigned does not find sufficient objective medical evidence in the record to support the opinion of Dr. Dagher. As noted, there are no references in treating source records of flare-ups of such frequency or severity. There is no record of frequent hospitalizations, emergency room visits, or even doctor visits that would be consistent with [Plaintiff's] testimony that she suffers severe flare-ups at least four days monthly and flare-ups to a lesser degree four days weekly. Dr. Dagher acknowledged that [Plaintiff's] condition is more stable. He*

> *monitors her on a monthly basis.* The undersigned does not give controlling weight to the opinion of Dr. Dagher . . . on the basis that it is not supported by the medical evidentiary record. *The objective tests were either negative or showed mild symptoms. Dr. Dagher's limitations indicating debilitating conditions is[sic] not consistent with the overall evidence.*

Tr. at 16 (emphasis added). Accordingly, the ALJ provided good reasons for the weight she assigned to Dr. Dagher's opinion. The Court therefore rejects Plaintiff's third Objection.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 12] is DENIED, and Defendant's Motion for Summary Judgment [dkt 17] is GRANTED.

IT IS SO ORDERED.

Date: August 29, 2013

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE